## Newman v. Louisville & Nashville Railroad Company.

(Decided December 5, 1924.)

### Appeal from Lee Circuit Court.

Master and Servant—Section Hand Lifting Rail Held Not Entitled to Recover on Theory of Implied Assurance Work was Not Dangerous.—Section hand, injured in attempting without being ordered to do so by foreman, to lift rail with crowbar, when rail struck angle bar and turned quickly, giving crowbar a quick jerk, held not entitled to recover upon theory of implied assurance that work was not dangerous.

J. MOTT McDANIEL for appellant.

WOODWARD & WARFIELD, ROSE & STAMPER and HUNT, NORTHCUTT & BUSH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action for personal injuries, and the plaintiff is appealing from a judgment entered on a directed verdict for the defendant.

At the time of his injury plaintiff was 52 years of age and had been employed by the defendant as a section hand for about twelve years. The section crew of which he was a member was engaged in repairing the track and putting in new rails. These rails and steel plates called "angle bars," which are used to connect the rails when laid, had been distributed along the track by other employees, and evidently some time prior to the accident. One of these rails was lying in the ditch by the side of the track and had become embedded on the slope of the ditch. When injured, plaintiff was attempting to lift this rail out of the dirt and turn it over with an ordinary crowbar, so that other members of the crew could get hold of it with their hands. He inserted the bar in a hole near one end of the rail, and as he lifted or pried the rail up, it struck the angle bar, which caused the rail to slip or turn more quickly than anticipated, and this gave the crowbar a quick jerk, causing it to strike plaintiff in the head.

No one else was engaged in the operation, and plaintiff says he knew the angle bar was there, "but I did not know it was in that shape." What he meant by this is later explained to be that he did not know the angle bar was lying in a slanting position, but he nowhere claims that he could not have seen and known its position if he had but looked.

His right of recovery is based upon the claim that the place was not reasonably safe because of the presence of the angle bar and the manner in which the rails were piled, and he claims exemption from any duty upon his part to see and apprehend any risk incident to the work he was doing upon the theory of an implied assurance that the work was not dangerous.

The only witness other than himself introduced upon the trial in his behalf testified that the rails had been distributed in the usual manner, and plaintiff stated there were "an angle bar and a couple of rails together down there in the ditch." There was not even an effort to prove any custom or possibility of distributing the rails in any other manner, or that they were piled in a dangerous way, or at all, and we are wholly unable to discover

any evidence whatever of negligence of the master prior to the accident which could have caused or contributed to it.

The work plaintiff was doing was, as he admits, a simple operation performed with a crowbar, a simple tool, and one that he had performed many times theretofore. Even if it might be presumed to have been negligence upon the part of the railroad company to distribute its rails and angle bars together in the ditch along its tracks, which is not true, plaintiff admits that he knew the angle bar was there, and he, of course, could easily have seen, as he now states, that it was lying on the slope of the ditch near the rail he turned over and upon it. He does not claim that his foreman gave him any assurance of safety or even directions as to how the work should be done. Indeed, he admits that the foreman did not even tell him to do the work. Here is his version of the matter:

> "Well, we were getting the rails out of the ditch and he called on some man to turn the rail so they could get hold, or with their hands, and I was pulling the track up you know, and I had the bar; he didn't call on no certain man to do that, but still I had the bar and was close to it and picked it up; I also put it under the rail and turned it up, it was on the ground and looked like some of them turned an angle bar and a couple of rails together down there in the ditch; now the other time they claimed this angle bar was propped up, but this ditch was made slanting that way and by throwing that angle bar down that way that made that lay that way and when I gave the rail a jerk that was done so quick I couldn't protect myself."

How an assurance of safety can be implied under such circumstances we are as unable to comprehend as we are to discover wherein the company was negligent of any duty it owed the plaintiff. Counsel's claim of an implied assurance of safety is constructed upon an assumption, not only unsupported by evidence, but refuted by it, that plaintiff was ordered by his foreman to do the work "in a manner and method which was negligent."

As we have seen, the foreman not only did not direct the manner or method by whcih plaintiff should perform a usual and ordinary operation with simple tools, he did

not even direct plaintiff to do the work, which facts so clearly distinguish this case from all of those relied upon as to render it unnecessary to review them.

Judgment affirmed.